UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KATHERINE HARRIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:06-CV-222-PRC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act and for Entry of Final Judgment [DE 29], filed by Frederick J. Daley, counsel for the Plaintiff, Katherine Harris, on November 23, 2007. On December 10, 2007, the Commissioner filed a Defendant's Memorandum in Opposition to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act. On December 17, 2007, the Plaintiff's attorney filed a Plaintiff's Reply in Support of Her Petition for Attorneys' Fees. For the following reasons, the Court grants the Application.

**PROCEDURAL BACKGROUND**

The Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") on August 18, 2003, alleging disability due to depression, anxiety, and asthma, with a January 7, 2003 onset date. The applications were denied initially on October 7, 2003, and again on February 26, 2004 upon reconsideration. On March 12, 2004, the Plaintiff filed a timely request for hearing. On May 17, 2005, Administrative Law Judge Paul Armstrong ("the ALJ") held the hearing in Gary, Indiana. Vocational Expert Glee Ann Kehr ("the VE") testified at the hearing. Attorney James Balanoff represented the Plaintiff at the hearing.

On August 29, 2005, the ALJ issued a decision denying benefits.  On October 5, 2005, the Plaintiff filed a timely request for review with the Social Security Appeals Council.  On February 10, 2006, the Appeals Council denied the Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Pursuant to social security procedure, the Plaintiff had until April 16, 2006, to file a complaint for review of the Commissioner's decision.  The Appeals Council granted the Plaintiff an extension of time allowing her until June 22, 2006, to file a civil action.

On June 21, 2006, the Plaintiff filed her Complaint with this Court.  On January 24, 2007, the Plaintiff filed her opening memorandum, arguing that the decision of the Commissioner should be reversed or remanded for six reasons.  The Commissioner filed his response in opposition to reversing or remanding the decision on April 25, 2007, and the Plaintiff filed her reply the same day. On August 27, 2007, the Court issued an Opinion and Order, remanding this matter for further consideration of four issues.[1]

On November 23, 2007, the Plaintiff's counsel filed the instant Application for Attorney's Fees.  The Application is now fully briefed and before the Court.

**ANALYSIS**

In the Application for Attorney's Fees, the Plaintiff's counsel requests an award of fees at an hourly rate of $160.00 for attorney work performed in 2006, and $165.00 for attorney work performed in 2007, under the EAJA, representing the cost of living adjustments allowed by 28 U.S.C. § 2412(d)(2)(A)(ii) when employing the "All items" figure provided by the Consumer Price Index.  The Plaintiff's attorney also requests an hourly rate of $100.00 for the work performed by

---

[1]The six reasons proferred by the Plaintiff for reversal or remand presented what the Court determined to be nine separate issues.

law clerk Suzanne Blaz. Finally, the Plaintiff's attorney requests compensation for the time spent preparing the instant Application for Attorney's Fees.

In his opening Motion, counsel for the Plaintiff requests attorney's fees in the amount of $4,162.25, which represents 4.3 attorney hours at the rate of $160.00 per hour in 2006 (totaling $688.00); 3.45 attorney hours at the rate of $165.00 per hour in 2007 (totaling $569.25); and 29.05 law clerk hours at the rate of $100.00 per hour (totaling $2,905.00). In his reply brief, the Plaintiff's attorney requests an adjusted total amount of attorney's fees of $4,527.25, to include 1.0 attorney hours at the rate of $165.00 (totaling $165.00), and 2.0 law clerk hours at the rate of $100.00 per hour (totaling $200.00) spent preparing the reply brief.[2]

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Pursuant to 42 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401,

---

[2]The total attorney's fees listed in this Order are reduced from the $4,657.25 figure contained in the Plaintiff's brief as a result of the Court's correction of an error in arithmetic.

3

405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

In this case, it is uncontested that the Plaintiff was the prevailing party, that she and her attorney filed the Application for Attorney's Fees in a timely manner, and that the Plaintiff's attorney requests a reasonable fee. The Commissioner's only challenge is that his position in this case was substantially justified and therefore that the Plaintiff's attorney's request for fees should be denied.

Considering whether the Commissioner was substantially justified, the court is to analyze the "position of the [Commissioner,]" which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. 28 U.S.C. § 2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski*, 382 F.3d at 724 (citing *Hallmark Constr.*, 200 F.3d at 1080). The court should evaluate the factual and legal support for the government's position throughout the entire proceeding. *See Hallmark Constr.*, 200 F.3d at 1080. A court need only make one determination regarding the Commissioner's conduct during the entire civil action. *Jean*, 496 U.S. at 159; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa." *Marcus*, 17 F.3d at 1036. The court must undertake a global analysis of the

4

government's position because whether that position was substantially justified will rarely be decided by a single issue.  *See Hallmark Constr.*, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Golembiewski*, 382 F.3d at 724.  Expanding on this definition, the United States Court of Appeals for the Seventh Circuit stated, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action."  *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565).  The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand.  *See Pierce*, 487 U.S. at 568-69.  The Commissioner bears the burden of proof in showing that he had a substantially justified litigation position.  *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724.  The Seventh Circuit has opined, "Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees."  *Golembiewski*, 382 F.3d at 724 (citing *Marcus*, 17 F.3d at 1038).

As a starting point in its analysis, the Court summarizes its August 27, 2007, Opinion and Order that remanded this case for further proceedings.  The case presented nine issues, of which the Court remanded the following four for further review: (1) the ALJ's explanation for his failure to rely on an opinion provided by one of the Plaintiff's physicians; (2) the ALJ's residual functional capacity ("RFC") finding, and specifically his analysis of the Plaintiff's limitations, severe and nonsevere, as required by SSR 96-8p; (3) the hypothetical posed by the ALJ to the VE; and (4) the

5

SSR 00-4p requirement that the ALJ question the VE as to whether her testimony was consistent with the Dictionary of Occupational Titles ("DOT").

The Plaintiff's attorney argues that the Commissioner's position was not substantially justified because he failed to follow established law. Specifically, the Plaintiff's attorney contends that the ALJ's failure to justify not relying on a portion of a treating physician's opinion is contrary to established precedent, his failure to make a complete RFC finding is counter to SSR 96-8p, and his failure to question the VE as to the consistency of her testimony with the DOT is not in compliance with SSR 00-4p. In response, the Commissioner argues that his position was substantially justified and argues that a reasonable person could review his position and conclude that it had a reasonable basis in law and fact. The Commissioner further contends that his success in litigating most of the issues raised by Ms. Harris, according to his tally, strongly weighs in favor of the Court finding that his position was substantially justified.

The Commissioner identifies six issues, which according to his count, the Plaintiff challenged on appeal and were upheld by the Court. The Commissioner contends that when compared to the three issues that he counts as being remanded, this majority of successful arguments weighs strongly in favor of finding that his position was substantially justified. The Commissioner has offered this argument in opposition to a number of recent EAJA applications. While notable in considering the overall viability of the Commissioner's position, this strategy of tallying successful arguments as a substantive argument for substantial justification is disfavored by courts within this circuit. *See Brown v. Barnhart*, No. 00 C 816, 2002 WL 1377440, at *3 (N.D. Ill. June 24, 2002); *Mallette v. Sullivan*, No. 87 C 4873, 1990 WL 19894, at *3-5 (N.D. Ill. Feb. 15, 1990). Here, the Commissioner plainly suggests that tallying his successful arguments leads to the conclusion that

6

his position was substantially justified. The Court notes that the Commissioner's tally of successful and unsuccessful arguments is inaccurate. According to the Court's count, the Commissioner prevailed on five issues on review and the Court remanded four issues for further consideration. Regardless of the number of issues remanded, the Court finds that the Commissioner's argument counting, without further support, is unpersuasive. Rather than relying on a tally of successes versus failures, the Court will consider whether the Commissioner's overall pre-litigation and litigation position had a reasonable basis in the law and the facts. The Court now turns to the issues that were remanded for further consideration in this matter.

### A. Physician's opinion

With regard to the ALJ's consideration of physician, Dr. Rao's opinions, the Court found that the ALJ's refusal to rely on a portion of the doctor's opinion was not adequately supported and remanded the issue for further consideration. Dr. Rao, who treated the Plaintiff on at least two occasions in 2004, opined that the Plaintiff had "poor or no ability to deal with work stresses or function independently." R. at 27. The ALJ did not accord that opinion significant weight. The Commissioner contends that the ALJ offered a reasonable explanation for his evaluation of Dr. Rao's opinions. The Plaintiff's attorney contends that the ALJ's bases for dismissing Dr. Rao's work stress finding were inadequate. The Plaintiff's attorney's argument relies entirely on the Court's remand Order. In finding the ALJ's analysis deficient, the Court relied on Seventh Circuit precedent requiring an ALJ to "minimally articulate his reasons for crediting or rejecting evidence of disability." *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) (citing *Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000)). Apart from this law, cited by the Court, the Plaintiff's attorney does

7

not submit any additional arguments that the ALJ's analysis was deficient and could not be reasonably relied upon.

The Commissioner attempts to assert new arguments at this stage justifying the ALJ's position regarding Dr. Rao's findings. The Commissioner now contends that Dr. Rao's findings were limited to a checklist evaluation and thus not substantively supported by any reasoning or explanation. Because this argument was introduced for the first time in the fees discussion, it was not part of the Commissioner's pre-litigation or litigation position. Thus, the Court will not consider this post hoc justification when weighing the reasonableness of the Commissioner's position.

Among the factors to be taken into consideration by an ALJ in according weight to a given medical opinion is the level of independent support a physician offers in support of his opinion. *See* 20 C.F.R. § 404.1527(d)(2); *Abendroth v. Barnhart*, 26 Fed. Appx. 580, 584 (7th Cir. 2002) (citing *Clifford*, 227 F.3d at 870) ("A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if well supported by medical findings and not inconsistent with other substantial evidence"). Further, "An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record[.]" *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). As such, the ALJ's decision in the instant case to not rely on Dr. Rao's finding regarding the Plaintiff's ability to handle work stress was within his authority if the ALJ properly found that the opinion was insufficiently supported. Under the EAJA reasonableness standard, the Court is loath to second guess the ALJ's findings as to the credibility of medical reports as long as the findings are supported by evidence.

In his decision, the ALJ offered two reasons for refusing to rely on Dr. Rao's opinion as to the Plaintiff's ability to handle work stress. The ALJ first argued that Dr. Rao's opinion was

internally inconsistent. The Court found this reason to be wholly unsupportive because the allegedly inconsistent statement upon which the ALJ relied was made by a physician other than Dr. Rao. Thus, at the most, the statement could only render Dr. Rao's opinion inconsistent with an external opinion.  The second supportive reason offered by the ALJ was that the Plaintiff told her treating physicians and testified at the hearing before the ALJ that she was able to complete household activities and function independently.  The ALJ found that those statements were inconsistent with Dr. Rao's finding that she could not handle work stress.  On review, the Court found that the Plaintiff's statements regarding household activities were unrelated to work stress and therefore not inconsistent with Dr. Rao's findings.   Thus, the Court found that the ALJ had considered Dr. Rao's finding but had not cited any evidence to support his decision to disregard the opinion.  Now, the Court finds that because the ALJ was unable to support his decision with any evidence of record, the Commissioner's advocacy of that position was not substantially supported.

### B.  RFC analysis

Next, the Court found that the ALJ did not adequately consider the Plaintiff's limitations in his RFC analysis.  While accounting for the Plaintiff's physical limitations, and the Plaintiff's depression and bi-polar disorder, both of which the ALJ found were severe impairments, the ALJ failed to mention the Plaintiff's intellectual functioning impairment.  The ALJ did not find the Plaintiff's intellectual functioning impairment to be severe but the impairment is documented in the record in the form of a borderline IQ score of 70 and diagnoses of limited or borderline intellectual functioning by her treating physicians.  The Court found that the ALJ failed to meet his required task of "consider[ing the Plaintiff's borderline intellectual functioning] in combination with her other

9

impairments when analyzing her mental RFC." *Harris v. Astrue*, 2:06-CV-222-PRC, at 37 (N.D. Ind. Aug. 27, 2007) (opinion and order remanding case).

SSR 96-8p sets forth certain clearly defined requirements that an ALJ must comply with when undertaking an RFC examination. SSR 96-8p describes the RFC assessment as "a function by function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. "The RFC assessment must be based on *all* of the relevant evidence in the case record." *Id.*; *see also Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004) (court found ALJ's RFC finding that claimant could "perform the nonexertional requirements of simple, routine, repetitive, low stress work with limited contact with coworkers and the public" insufficient where the ALJ previously found that the claimant was severely impaired by an adjustment disorder marked by blunted insight and judgment, decreased mood and functioning, an increased tendency to become irritable, and that he was impulsive, apathetic, and had poor social judgment). SSR 96-8p also specifically contemplates analyzing mental impairments and "requires adjudicators to assess an individual's limitations and restrictions from a mental impairment" through the use of express categories set forth in the Regulations. SSR 96-8p.

The Commissioner contends that a reasonable person would have been satisfied by the ALJ's RFC finding, which limited the Plaintiff to "simple, routine, light work" that did not involve "more than superficial contact with supervisors, co-employees and the general public." R. at 29. The Commissioner contends that these limitations reasonably account for the Plaintiff's borderline intellectual functioning. The Court found that the level of RFC analysis provided by the ALJ in his decision did not fulfill the requirements of the limitation-by-limitation analysis set forth in SSR 96-8p, but did not find that the ALJ failed entirely to account for the Plaintiff's limited mental ability.

10

The Court agrees with the Commissioner that the RFC finding provided by the ALJ was such that it finds reasonable support in the law as applied to the facts of this case. The limitations set forth in the ALJ's RFC finding suggest by way of inference that limited intellectual functioning was taken into account. The failure to expressly analyze that limitation resulted in remand; however it does not preclude a finding of substantial support.

### C.  VE questioning

Reviewing the ALJ's questioning of the VE, the Court remanded the matter on two issues. First, the Court found that the ALJ provided an inadequate hypothetical to the VE. Second, the Court determined that the ALJ did not sufficiently question the VE as to whether her testimony was consistent with the DOT.

1.      *Hypotheticals submitted to the VE*

The first issue that the Court found appropriate for remand in reviewing the ALJ's questioning of the VE was the hypothetical description of an impaired individual posed to the VE upon which the VE based her vocational findings. The Court determined that there were two flaws in the hypothetical. First, the ALJ premised the hypothetical on the flawed RFC (analyzed *supra*), which did not include the Plaintiff's documented intellectual limitation. The hypothetical description was similarly flawed in that it failed to account for the Plaintiff's below average IQ.

The requirement to include all limitations in an RFC finding and the requirement to include all limitations in a hypothetical are comparable. *Compare Young*, 362 F.3d at 1003 (citing *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002)) ("[A] hypothetical question to the VE must include all limitations supported by medical evidence in the record"), *with* SSR 96-8p ("The RFC assessment must be based on *all* of the relevant evidence in the case record[.]"). Citing those similar

11

requirements, the Commissioner argues that should the Court find that a reasonable person could rely on the ALJ's RFC analysis, so too could a reasonable person be satisfied with the ALJ's use of a hypothetical relying on the RFC. Under the facts presented in this matter, the Court agrees and finds that here, the limitations listed in the hypothetical posed to, and relied on, by the ALJ could cause reasonable people to differ in evaluating whether it was appropriate. The hypothetical, which is nearly identical to the RFC finding, limited the described individual to "light exertional duties, simple routine work, no more than superficial contact with supervisors, co-employees, and the general public." R. at 82. Therefore, mental limitations can be inferred from the hypothetical description and the Court finds that the Commissioner's support of the ALJ was reasonably based on the law as it relates to the facts of this case.

Second, the Court remanded the ALJ's hypothetical for further consideration because of six hypotheticals presented to the VE, the ALJ chose to rely on a general hypothetical that did not describe any of the specific limitations from which the Plaintiff suffered. Notably, the general description was the one hypothetical that the VE found allowed for substantial gainful activity. On remand, the Court ordered the ALJ to offer a hypothetical that includes all limitations supported by the medical evidence of record.

The Court finds that while the general hypothetical failed to specifically set forth the Plaintiff's limitations by name, it included workplace restrictions that addressed the Plaintiff's physical and mental limitations. Specifically, the hypothetical limits the individual to light exertional work, thereby accounting for the Plaintiff's asthma. Further, the hypothetical limits work to simple routine work, with no more than superficial contact with supervisors, co-employees, and the general public, which takes in account the Plaintiff's anxiety and limited mental ability. Without

12

expressing an opinion as to whether the ALJ's stated restrictions were adequate, the Court finds that a reasonable person could be satisfied by the hypothetical. Thus, the ALJ's decision to rely on the least specific of six hypotheticals, while proper for additional consideration on remand, does not lead the Court to conclude that the Commissioner's support of that decision is without substantial support.

2.     *SSR 00-4p*

The Court also remanded this matter because it found that the ALJ did not comply with SSR 00-4p when he questioned the VE as to the consistency between her testimony and the DOT. The Plaintiff's attorney contends that because the Court found that the ALJ's questioning did not comply with the requirements of SSR 00-4p, the Commissioner's advocacy of the ALJ's questioning is without substantial support. In response, the Commissioner contends that the ALJ made a reasonable attempt to verify that the VE testified in accordance with the DOT.

The relevant Social Security Ruling, Ruling 00-4p, requires that the ALJ ask the VE "if the evidence he or she has provided conflicts with information provided in the DOT." SSR 00-4p; 2000 WL 1898704, at *4. In addition, the *Prochaska v. Barnhart* court held that under SSR 00-4p, the ALJ has an affirmative duty to determine whether the VE's testimony is consistent with the DOT. *See* 454 F.3d 731, 735 (7th Cir. 2006).

At the hearing, the ALJ began questioning the VE by asking whether her testimony would be consistent with the information contained in the DOT, and whether the VE would indicate if and when there was a difference between her testimony and the DOT. The VE responded affirmatively to both inquiries. Examining the adequacy of the ALJ's questioning, upon initial review the Court found that the "ALJ's question does not satisfy the requirements spelled out in SSR 00-4p." *Harris*,

13

2:06-CV-222-PRC, at 45.  To reach its conclusion, the Court relied on the Seventh Circuit's decision in *Prochaska* and the language of SSR 00-4p.  While the language of the Ruling and case law clearly establish a burden on the ALJ to question the VE regarding consistency with the DOT, the facts presented in this case are somewhat unique.  Neither party was able to identify Seventh Circuit precedent considering an analogous circumstance where an ALJ questioned a VE before the VE testified.  The Court ultimately concluded that because the ALJ questioned the VE regarding inconsistencies between her testimony and the DOT before the VE gave her substantive testimony, the questioning was inadequate to satisfy SSR 00-4p.  The Court found that the Ruling requires questioning after the VE has provided her testimony.

Considering whether EAJA fees are appropriate, the Court finds that although the ALJ's questioning did not comply with the technical requirements of SSR 00-4p, the Commissioner's position in support of the ALJ's questioning met the EAJA standard of substantial support.  Typically, when a case is remanded for failure to comply with SSR 00-4p, the ALJ has entirely overlooked the DOT issue.  *See Prochaska*, 454 F.3d at 735; *Morton v. Barnhart*, No. 1:03CV0995, 2005 WL 1528242, at *2 (S.D. Ind. June 28, 2005).  Here, the ALJ made a legitimate attempt to address the DOT issue; however he did so before the VE was able to offer her testimony, which the Court concluded was too early in the questioning for the VE to be able to deliver a conclusive answer.  Although the questioning did not comply with SSR 00-4p, the Commissioner's support of that position was justified to a reasonable degree.

### D.  Summary of substantial support analysis

The Court remanded this matter for further review of four distinct issues.  The Commissioner's position on three of the four issues was substantially supported under the EAJA

14

standard.  The issues concerning the ALJ's RFC analysis and his questioning of the VE presented close calls, which the Court ultimately found warranted further consideration.  However, the Commissioner had a reasonable basis for taking the position he did as to each issue.  As to the fourth issue, the Commissioner supported the ALJ's disregard of a treating physician's opinion when the decision was not supported by evidence of record.  Due to the lack of support in the record for the ALJ's decision, and the Commissioner's support thereof, the Court finds that the Commissioner's litigation position was without substantial support and therefore that the Plaintiff's attorney is entitled to EAJA fees.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act and for Entry of Final Judgment [DE 29].  The Court awards the Plaintiff's attorney a total of $4,527.25 in EAJA fees.  The Court further **ORDERS** that the payment in the amount of $4,527.25 be made directly to the Plaintiff's attorney, Frederick J. Daley, Jr., in accordance with the Assignment of EAJA Fee agreement signed by the Plaintiff.

SO ORDERED this 11th day of February, 2008.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:     All counsel of record